RICHARD CHENERY, Respondent, *v.* EDWIN C. PALMER, Appellant.

Where a plaintiff set up his right to property, by virtue of a conveyance which was shown by the testimony of a witness, to be a mortgage, *held* that the defendant on cross examination could show that the mortgage had been satisfied.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

The action was trespass for wrongfully taking from the custody and possession of the plaintiff a large number of cattle.

The defendant in his answer sets up that the cattle were the property of one C. I. Hutchinson. That prior to the commencement of this suit, a judgment was obtained in the United States District Court for the Northern District of California, in favor of James H. Lucas and others, against Hutchinson.

That an execution was issued, and that the cattle in controversy were seized as the property of Hutchinson, they being at the time of the levy in his possession.

At the trial plaintiff in order to prove his title to the property, called

Hutchinson, who testified that he transferred the cattle to plaintiff by a bill of sale, which although absolute upon its face was intended merely as a security to indemnify plaintiff against certain obligations he had entered into for his benefit. The defendant attempted to show by cross examination that this conditional bill of sale which was in the nature of a mortgage, had been satisfied. The Court refused to admit the testimony. To which ruling plaintiff excepted.

The defendant proved the matter set up in his answer to be true. The jury found a verdict for the plaintiff. Defendant moved for a new trial, which the Court denied and defendant appealed.

*Baldwin & Bowman* and *Edwards & English*, for Appellant.

The Court erred in refusing to allow the defendants to cross examine the witness as to the fact whether the obligations to secure which the transfer was made, had been paid.

1. Because being a witness the defendant had a right to the fullest cross examination in order to show the memory, means of information, intelligence and fairness of the witness. 1 Gr. Ev., §§ 445–446. Brown *v.* Burns, 8 Mo., 26.

2. Because the witness being permitted to testify that the paper was intended as a mortgage, and a mortgage by parol, it was certainly competent for the defendant to show that the mortgage had been discharged.

A mortgage is the conveyance of an estate by way of pledge for the security of a debt, to become void on payment of it. 4 Kent's Com., 138.

The object of cross examination is to draw from a witness a further disclosure than was made upon the examination in chief, in reference to the matter testified alone. Harrison *v.* Rowan, 3 Wash., C. C. R., 582. This further disclosure was prevented in this case.

*Winans & Hyer* and *Tod Robinion*, for Respondent.
No brief on file

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The plaintiff set up his right to the property by virtue of a conveyance which was shown to be a mortgage. The defendant on the cross examination attempted to show that the mortgage had been satisfied,

but was prevented from obtaining an answer from the witness on the ground that it was an examination into matter not introduced by the direct examination.

Under any rule the Court decided incorrectly. If the plaintiff could claim under the mortgage, it certainly was not new matter even under the rule which the respondent relies on, for the defendant to show there was no mortgage, by showing its discharge. This proof, together with that subsequently offered, showing that the plaintiff had no possession of the property at the time of the alleged trespass, would have been conclusive against the plaintiff. It would have given him the character of a stranger to the transaction, and consequently denied him the right to sue.

The judgment is reversed and the cause remanded.